IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CURTIS LEE BAKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:24-cv-1362-RP |
| | § | |
| WARDEN G. ROSALEZ, *FCI – Bastrop*, | § | |
| | § | |
| Respondent. | § | |

## **ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Susan Hightower concerning Petitioner Curtis Lee Baker's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1). (R. & R., Dkt. 13). Respondent Warden G. Rosalez ("Respondent") filed objections to the report and recommendation. (Objs., Dkt. 16).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Respondent objected to the report and recommendation, the Court reviews the report and recommendation *de novo*. Having done so and for the reasons given in the report and recommendation, the Court overrules Respondent's objections and adopts the report and recommendation as its own order.

The report and recommendation found, like numerous other courts, that inmates become eligible to earn time credits under the First Step Act beginning on their sentencing date as the date they are "received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." (R. & R., Dkt. 13, at 5−6 (discussing 18 U.S.C. § 3585(a))). As such, Petitioner's eligibility to begin earning time credits began on August 30, 2023, the date he was

1

sentenced, not on February 6, 2024, the date he arrived at his designated facility, as Respondent had argued. (*Id.* (collecting cases)). Now, Respondent argues in his Objections that, even if Petitioner were eligible to obtain time credits under the First Step Act between August 30, 2023 and February 6, 2024, he did not in fact obtain any time credits because he had not undergone the risk and needs assessment the Bureau of Prisons ("BOP") conducts to assign eligible programming until February 6, 2024. (Objs., Dkt. 16, at 4–5).

However, this Court recently addressed that issue in another case involving Respondent, *Sims v. Rosalez*, No. 1:24-cv-01222-RP (W.D. Tex. May 8, 2025) (Order, Dkt. 11). In similar cases, courts have recognized that prisoners should not have to wait several months to start earning any credits based solely "on BOP's misunderstanding of when [they were] eligible to start earning credits," and accordingly ordered the BOP to change its calculations or the timing of its assessments. *See, e.g., Huihui v. Derr*, No. CV 22-00541 JAO-RT, 2023 WL 4086073, at *7 (D. Haw. June 20, 2023).

For example, in *Brenneman v. Salmonson*, No. 5:22cv7-RWS-JBB, 2025 WL 957216, at *7, (E.D. Tex. Feb. 25, 2025), *report and recommendation adopted*, 2025 WL 914352 (E.D. Tex. Mar. 26, 2025), the petitioner had not completed the BOP's risk and needs assessments while in pre-arrival custody for over a year. However, there was no evidence that the petitioner had opted out of any programming during that time. As such, the district court ordered BOP to award time credits for that period, recognizing that "[the respondent's] only developed reason to deny [the petitioner] the [time credits] is its argument that prisoners are ineligible from earning FSA time credits until they arrive at the BOP facility—an argument rejected for the reasons above." *Id.* As in *Brenneman*, absent evidence that Petitioner was "either non-compliant with, or opted out of, programming," *id.*, the Court intends to order the BOP to award Petitioner time credits for the full period between August 30, 2023 and February 6, 2024.

Finally, before the Court is Petitioner's Motion to Compel, (Dkt. 15), which requests that this Court mail a copy of its order to the BOP and the records department at FCI – Bastrop. It appears that the Motion to Compel is based on Petitioner's belief that the report and recommendation constituted an order on his petition. (Dkt. 15, at 1). However, the report and recommendation is not a final order from this Court, but rather, a recommendation from the United States Magistrate Judge submitted to this Court for its review. *See* Federal Rule of Civil Procedure 72(b). In the instant order, the Court will adopt the report and recommendation as its own order and require Respondent to conduct a recalculation of Petitioner's time credits under the First Step Act. As such, the Motion to Compel, (Dkt. 15), will be denied.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Susan Hightower, (Dkt. 13), is **ADOPTED**.

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. 1), is **GRANTED.**

**IT IS FURTHER ORDERED** that Respondent recalculate Petitioner's FTCs to include time spent in custody awaiting transfer to his designated BOP facility between August 30, 2023 and February 6, 2024.

**IT IS FURTHER ORDERED** that Respondent complete the recalculation on or before August 15, 2025 and submit it as a notice to the Court on or before that date. The Court will review Respondent's recalculation and determine whether any additional briefing from the parties is warranted.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Compel, (Dkt. 15), is **DENIED.**

**SIGNED** on August 8, 2025.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE